People v Wilson (2021 NY Slip Op 02467)





People v Wilson


2021 NY Slip Op 02467


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Ind No. 321/12 321/12 Appeal No. 13639 Case No. 2014-1801 

[*1]The People of the State of New York, Respondent,
v
Eric A. Wilson, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Angie Louie and Karena Rahall of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 20, 2013, convicting defendant, upon his plea of guilty, of two counts of unlawful surveillance in the second degree and two counts of dissemination of an unlawful surveillance image in the first degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
Defendant challenges his judgment of conviction to the extent that the court denied his request for a discretionary exemption from sex offender registration on his conviction of unlawful surveillance under Penal Law § 250.45 (2). Initially, we do not find that defendant made a valid appeal waiver that was sufficient to foreclose review of this issue.
The court properly exercised its discretion in requiring defendant to register as a sex offender in connection with his unlawful surveillance conviction (see People v Simmons, 129 AD3d 520 [1st Dept 2015], lv denied 26 NY3d 903 [2015]). Defendant did not establish that registration for that conviction may "would be unduly harsh and inappropriate" (Correction Law § 168-a [2] [e]). Although defendant asserts that the primary motive for making a sexual videotape and posting it on a pornographic website was financial gain, the relevant conviction was under Penal Law § 250.45(2), which applies where a defendant engages in surreptitious surveillance "[f]or his or her own, or another person's sexual arousal or sexual gratification." The record as a whole, including defendant's criminal history, demonstrated that defendant posed a significant risk of sexual reoffense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021